UNITED STATES of America,
Plaintiff–Appellee,

v.

James ROGERS, Defendant–Appellant.

No. 08–6181.

United States Court of Appeals,
Sixth Circuit.

Aug. 6, 2012.

Before: GRIFFIN and KETHLEDGE, Circuit Judges, and CARR, District Judge.*

KETHLEDGE, Circuit Judge.

This court previously affirmed James Rogers's sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Rogers had appealed his sentence in part because the district court assigned him a base offense level of 20 after concluding that Rogers's previous conviction under Tenn.Code Ann. § 39–16–603(b)(1) was a "crime of violence." *See* U.S.S.G. § 2K2. 1(a)(4)(A). That provision of the Tennessee code makes it a "Class E felony" for "any person, while operating a motor vehicle . . . to intentionally flee or attempt to elude any law enforcement officer, after having received any signal from the officer to . . . stop." *Id.* Rogers argued that his conviction for this "Class E felony" did not qualify as a "prior crime of violence." He noted that this Class E

felony is different from another provision of the statute that punishes, as a "Class D felony," vehicular flight that "creates a risk of death or injury to innocent bystanders or other third parties." *Id.* at (b)(3). Citing the omission of that language from the definition of a Class E felony, Rogers contended that a Class E felony does not qualify as a crime of violence, because crimes of violence must "present[ ] a serious potential risk of physical injury to others." *See* U.S.S.G. § 4B1.2(a)(2). (The statutory definition of the offense, rather than the facts of a particular crime, determine whether an offense is a crime of violence. *See United States v. Bartee,* 529 F.3d 357, 359 (6th Cir.2008).) We rejected his argument and affirmed his sentence. *See United States v. Rogers,* 594 F.3d 517, 521 (6th Cir.2010) (mem.).

The Supreme Court thereafter held that violation of an Indiana statute, which prohibits the use of a vehicle to flee after an officer orders the offender to stop, is a "violent felony." *Sykes v. United States,* —— U.S. ——, ——, 131 S.Ct. 2267, 2271, 180 L.Ed.2d 60 (2011). Unlike Tennessee's statute, the Indiana statute imposes the same punishment on an offender who flees " 'in a manner that creates a substantial risk of bodily injury to another person.' " *Id.* at 2276 (citation omitted). But the Court specifically reserved the question presented here: Whether an ordinary vehicle-flight offense would still qualify as a violent felony if it carries a less severe penalty than another vehicle-flight offense that includes, as an element, a substantial risk of harm. *Id.* at 2227. Thus, the Supreme Court vacated our decision in this case and remanded it to us for further consideration. *Rogers v. United States,*

---

* The Honorable James G. Carr, Senior United States District Judge for the Northern District of Ohio, sitting by designation.

—— U.S. ——, 131 S.Ct. 3018, 180 L.Ed.2d 844 (2011).

Another panel of this court has since decided that the Class E felony for which Rogers was previously convicted qualifies as a violent felony under the Armed Career Criminal Act. *See United States. v. Doyle,* 678 F.3d 429 (6th Cir.2012). The "definitions of 'violent felony' under the ACCA and a 'crime of violence' under" the Guidelines "should be interpreted in a consistent manner." *Bartee,* 529 F.3d at 363. Thus, we are bound by *Doyle,* and adhere to our previous decision that Rogers's Class E felony is a crime of violence.

The district court's judgment is affirmed.